15-3890
Jiang v. Lynch

BIA
Loprest, IJ
A205 245 787

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

_____

JIAN JIANG,
> *Petitioner,*

v.                                                      **15-3890**
                                                        **NAC**
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Ai Tong, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Greg D.
                         Mack, Senior Litigation Counsel;
                         Lisa Morinelli, Trial Attorney;
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Jiang, a native and citizen of the People's Republic of China, seeks review of a November 23, 2015, decision of the BIA affirming a June 12, 2014, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Jiang,* No. A205 245 787 (B.I.A. Nov. 23, 2015), *aff'g* No. A205 245 787 (Immig. Ct. N.Y. City June 12, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Jiang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a negative credibility finding on an asylum applicant's demeanor and an inconsistency or omission

2

between the applicant's statements and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163–64, 166 n.3. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. In the present case, substantial evidence supports the adverse credibility determination.

The agency reasonably based its credibility finding on Jiang's omission of his medical treatment for injuries he sustained during his detention. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166–67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes). Jiang claimed for the first time on cross examination that he received medical treatment following his release from detention, stating that his mother twice took him to a local clinic to have his injuries treated. Neither his direct testimony, his asylum application, nor his mother's supporting letter mention this treatment. The agency was not compelled to accept Jiang's explanation that he did not realize he needed to include details of what happened after his release from detention, especially

because his application addressed post-detention issues, such as the requirement that he report to the police after his release. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner 'must do more than offer a "plausible" explanation for his inconsistent statements to secure relief; "he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony."'" (quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66,76 (2d Cir. 2004))).

The adverse credibility determination is further supported by the IJ's conclusion that Jiang's unresponsive testimony reflected a lack of credibility. 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (deferring to demeanor findings "in recognition of the fact that the IJ's ability to observe the witness's demeanor places [him] in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question."). The record reflects that Jiang took an unusually long pause when asked to explain the omission of his medical treatment from his asylum application, and another pause after the IJ prompted him to answer. His testimony regarding both

4

his experiences in China and his practice of Christianity in the United States was brief and lacked detail. The IJ did not rely solely on a general finding of testimonial vagueness, as Jiang argues, but rather took Jiang's brief answers into account along with the rest of the evidence in finding that he lacked credibility. *Cf. Shunfu Li v. Mukasey*, 529 F.3d 141, 147-48 (2d Cir. 2008).

The agency also reasonably concluded that Jiang's corroborating evidence was insufficient to rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency determined that Jiang's church certificate and the letters from his mother and girlfriend were entitled to diminished weight because the authors of these documents were unavailable for cross examination and Jiang's mother and girlfriend were interested parties. "We defer to the agency's determination of the weight afforded to an alien's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Additionally, Jiang's mother's letter did not corroborate his testimony because it omitted the medical treatment despite noting Jiang's injuries.

Given the demeanor finding, the omission regarding Jiang's medical treatment, and the lack of corroborating evidence to

5

rehabilitate his claim of past persecution, the totality of the circumstances supports the adverse credibility ruling. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Jiang's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk